IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHRISTOPHER BARFIELD,<br><br>      Petitioner,<br><br>    v.<br><br>LINDA GETER,<br><br>      Respondent. | CIVIL ACTION NO.: 2:20-cv-62 |

### REPORT AND RECOMMENDATION

Petitioner Christopher Barfield ("Barfield") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Federal Correctional Institution in Jesup, Georgia. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS** Barfield's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Barfield *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Barfield his suit is due to be dismissed. As indicated below, Barfield will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Barfield was convicted in the Eastern District of Pennsylvania of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), after a jury trial. J., United States v. Barfield, 2:07-cr-481 (E.D. Pa. Apr. 23, 2008), ECF No. 46. He was sentenced to 300 months' imprisonment. Id. Barfield filed a direct appeal, and the Third Circuit Court of Appeals affirmed the district court's judgment. Id., ECF No. 55. Barfield filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and raised a claim of ineffective assistance of counsel claim because counsel stipulated to officers' testimony which resulted in a "relevant conduct" enhancement. Id., ECF No. 56, p. 6. The District Court for the Eastern District of Pennsylvania denied his § 2255 motion. Id., ECF No. 65.

The day before Barfield's § 2241 Petition was filed in this Court, he filed another § 2255 motion in the Eastern District of Pennsylvania. Id., ECF No. 73. In this motion, Barfield contended the indictment was defective because there was no notice given he had actual knowledge of a § 922(g)(1) violation and stated his claim was based on newly discovered evidence that was available until the United States Supreme Court rendered its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Id. at p. 4. The district court transferred Barfield's motion to the Third Circuit for a successiveness determination, and the Third Circuit dismissed his motion on January 26, 2021. Id., ECF Nos. 74, 75.

## DISCUSSION

In his Petition, which was filed on June 9, 2020, Barfield states the indictment failed to properly notify him he had to have actual knowledge of a § 922(g)(1) violation. Doc. 1 at 6. Barfield also notes the jury did not find him guilty of every essential element of a § 922(g)(1) offense and the trial court did not prove he knew he was a barred person who could not possess a

2

firearm.  Id. at 6–7.  According to Barfield, the Rehaif decision represents new evidence and was not previously available to him.  Id. at 7.

I.      **Whether Barfield Can Proceed Under § 2241**

Barfield's Petition should be dismissed because it is an attack on his federal conviction and sentence that can only be made in compliance with § 2255, and Barfield has not satisfied the requirements of § 2255.  Barfield's attempt to label his filing as a § 2241 petition does not help.  His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement."  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted).  Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims

3

outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test.

4

Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Barfield does not present any of those circumstances through his instant Petition.[2] Barfield is clearly challenging his conviction and sentence. Doc. 1. This is the type of claim and requested relief § 2255 encompasses. It is clear Barfield is not attacking the manner in which his sentence is being executed but his conviction and sentence themselves. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Barfield with an adequate procedure to test his claim. In fact, Barfield filed a § 2255 motion in the Eastern District of Pennsylvania based on the very argument he raises in his § 2241 Petition.[3]

Further, Barfield's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact Barfield faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a

---

[2] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

[3] In Rehaif, the Supreme Court held the government must prove the defendant knew he possessed a firearm and that he knew he had the relevant status of a restricted person when he possessed the firearm in order to secure a conviction under §§ 922(g) or 924(a). 139 S. Ct. at 2194. This decision did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. In re Palacios, 931 F.3d 1314 (11th Cir. 2019).

§ 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).

Section 2255 provided Barfield an "adequate procedure" to test his conviction and sentence before the sentencing court.  In fact, Barfield used the § 2255 mechanism in the District of his conviction twice—he just was not successful.  Consequently, Barfield cannot show § 2255's remedy is "inadequate or ineffective" to challenge his conviction and sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.  Because Barfield cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Barfield leave to appeal *in forma pauperis*.  Though Barfield has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or

fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Barfield's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Barfield *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Barfield's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Barfield leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA